UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VITTORIO ABBRUZZINO, | Case No. 08-11534 |
| Plaintiff, | Robert H. Cleland<br>United States District Judge |
| v. | |
| DR. HUTCHITON, *et al*, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. | |

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (Dkt. 20)

This matter is before the Court on plaintiff's motion for appointment of counsel. (Dkt. 20). Plaintiff, an inmate currently in the custody of the State of Michigan, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff claims that after a serious leg injury and multiple surgeries, he continues to have an open and infected wound that defendants failed to treat. *Id*.

Orders granting plaintiff's application to proceed *in forma pauperis* and directing service of process on defendants were entered on April 15, 2008. (Dkt. 3, 4). On April 23, 2008, District Judge Robert H. Cleland referred this matter to the

undersigned for all pretrial purposes. (Dkt. 6). Plaintiff filed a motion for the appointment of counsel on April 30, 2008 (Dkt. 7), and on May 12, 2008, the Court denied that request. (Dkt. 8). On December 5, 2008, plaintiff filed a memorandum and affidavit in support of his current motion for appointment of counsel. (Dkt. 20). In support of this request for counsel, plaintiff states that this is a complex case because it contains several different legal claims, involves medical issues that may require expert testimony, plaintiff has no legal education, and limited access to legal materials. (Dkt. 20).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases where exceptional circumstances exist, or in certain cases, only after a motion to dismiss or for summary judgment has been decided. In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

It appears that, from reading the complaint and motion filed by plaintiff, he has an adequate understanding of the matters involved in this case, and is able to articulate his claims and arguments in a reasonable fashion.  It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature.  Plaintiff has not provided any basis, at this point, for the Court to revisit its earlier decision to deny appointed counsel.  Should any future dispositive motion(s) be decided in plaintiff's favor, plaintiff may re-file his motion for the appointment of counsel.

Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: January 8, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 8, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, Kimberley A. Koester, and Carly A. VanThomme, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Vittorio Abbruzzino # 226307, BARAGA MAXIMUM CORRECTIONAL FACILITY, 13924 Wadaga Road, Baraga, MI 49908-9204.

s/Tammy Hallwood
Deputy Clerk
United States District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
tammy_hallwood@mied.uscourts.gov