**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VITTORIO ABBRUZZINO,

    Plaintiff,

v.                                          Case No. 08-CV-11534

CRAIG HUTCHINSON, et al.,

    Defendants.
                                             /

**OPINION AND ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) AND DENYING DEFENDANTS' MOTION TO DISMISS**

    This is a prisoner civil rights action filed under 42 U.S.C. § 1983. Defendants Craig Hutchinson and Paula Meyer have filed a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R&R"), recommending that this court deny Defendants' motion. Defendants filed timely objections. For the reasons stated below, the court will overrule Defendants' objections, adopt the magistrate judge's R&R, and deny Defendants' motion to dismiss.

**I. BACKGROUND**

    Plaintiff Vittorio Abbruzzino filed his complaint on April 9, 2008, asserting a violation of his civil rights resulting from, what he claims to be, inadequate medical care. (Pl.'s Compl. at 3.) Specifically, Plaintiff alleges that he entered the Michigan prison system in 2005 with "a serious leg injury," comprised of an "open wound [which was] infected." (*Id.*) Plaintiff did receive surgery to treat his injury in January of 2008, but claims that before that time his wound was "draining the whole time." (*Id.*) He brought

suit against Meyers, his "doctor at Pugsley Facility" and Hutchinson, "the main doctor at Jackson." (*Id.*)

On June 2, 2008, Defendants filed the current motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff did not exhaust the administrative remedies available to him, as required by 42 U.S.C. § 1997e(a).[1] In the alternative, Defendants assert Plaintiff has failed to state a claim because he cannot establish that these Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The magistrate judge noted Defendants relied upon matters outside of the pleadings to support their exhaustion argument and, because the magistrate judge relied on these materials as well, converted that portion of the motion into one under Federal Rule of Civil Procedure 56.[2] The magistrate judge concluded Defendants had not met their summary judgment burden in showing that Plaintiff had not exhausted his administrative remedies. The second basis for the motion to dismiss, based on Plaintiff's failure to state an Eighth Amendment claim, remained for analysis under Federal Rule of Civil Procedure 12(b)(6), under which rule the magistrate judge concluded that Plaintiff had sufficiently

---

[1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[2] "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

stated a claim for deliberate indifference. Defendants filed timely objections on both points.

## II. STANDARD

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). He must put forth enough

evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### B. Failure to State a Claim Standard

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000). Although a heightened fact

4

pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,1974 (2007).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S. Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S. Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

5

### C.  Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### III.  DISCUSSION

## A. Exhaustion Argument; Rule 56 Standard

The magistrate judge, in analyzing Defendants' assertion that Plaintiff had not exhausted his available administrative remedies, applied the correct legal standard under Rule 12(d) of the Federal Rules of Civil Procedure.  Specifically, the magistrate judge noted that Defendants relied upon matters outside the pleadings which the court also considered, converting the motion to dismiss into one for summary judgment.  The court may perform such a conversion, and grant summary judgment under Federal Rule of Civil Procedure 56, if the court gives all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(d). "Whether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case."  *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Tr. Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998)).  "However, '[w]here one party is likely to be surprised by the proceedings, notice is required.'"  *Id.* (citing *Salehpour*, 159 F.3d at 204).  Here, the magistrate judge recommended the conversion of this portion of Defendants' motion under Rule 12(d) and Defendants have not objected.  As such, the court finds all parties have been given sufficient notice and summary judgment analysis under Federal Rule of Civil Procedure 56 is warranted.

Defendants' motion to dismiss, based on Plaintiff's alleged failure to exhaust his administrate remedies as required by 42 U.S.C. § 1997e(a), is comprised of three distinct arguments.  First, Defendants assert that because Plaintiff's grievances did not identify, by name, the specific persons alleged to have harmed him, he did not properly

7

exhaust his administrative remedies. Second, Defendants argue that because Plaintiff's Step I grievance alleges his harm began in July of 2005 (Pl.'s Resp., Ex. 1), it was untimely as filed in November of 2007. The magistrate judge correctly analyzed these first two arguments under the established doctrine of waiver. For the sake of clarity to all parties, the court will supplement the magistrate judge's analysis now.

At the time Plaintiff filed his grievance, November 13, 2007, the Michigan Department of Corrections ("MDOC") had issued an updated policy directive governing the prisoner grievance procedure. In relevant part, that policy dictates that:

> P. Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue . . . The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff.
>
> . . .
>
> R. . . . The issues [as relayed through the grievance form] should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(Defs.'s Mot., Corr. Ex. A, ¶¶ P, R.) The plain language of the policy establishes two pertinent requirements for Plaintiff's grievance: it must be (1) filed within five business days of the grievable issue, and (2) it must include names of all those involved. There can be no dispute that Plaintiff's Step I grievance was not filed within five business days of the grievable issue; by his own admission the date of the incident was July 21, 2005. (Pl.'s Resp., Ex. 1.) Nor can it be disputed that Plaintiff's Step I grievance does not

8

provide individual names. (*Id.*, Ex. 1 "I keeping writing kites to health care.")³ But, as the magistrate judge throughly analyzed, such procedural defects were waived once MDOC considered Plaintiff's Step I grievance on its merits. (R&R at 21-22.)

"[B]oth [a prisoner and MDOC] are obligated to raise objections in the administrative proceedings in order for the issue to be properly before a reviewing court." *Baker v. Vandermark*, No. 07-CV-004, 2007 WL 3244075, *7 (W.D. Mich. Nov. 1, 2007). "If prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *see also Johnson v. Beardslee*, No. 06-CV-374, 2007 WL 2302378, *3 (W.D. Mich. Aug. 8, 2007); *Threatt v. Arredia*, No. 05-CV-97, 2008 WL 762232, *2 (W.D. Mich. Mar. 19, 2008); *Grear v. Gelabert*, No. 07-CV-293, 2008 WL 474098, *2 (W.D. Mich. Feb. 15, 2008) (where grievance did not name individuals and was untimely, court held that "if a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on its merits, then the state will not be heard to complain that the grievance was not properly exhausted."). Here, the response to Plaintiff's Step I grievance does not raise any issue regarding timeliness or lack of specificity. Instead, the response concludes that "[p]risoner healthcare needs are being attended to appropriately and in a timely manner. Grievance resolved." (Defs.'s Mot., Ex. B at 6.) When Plaintiff appealed this conclusion in a Step II grievance, the response was similar, "[a] review of grievant's electronic medical record documented the requested consultation request." (*Id.*, Ex. B at 5.) Defendants cannot now rely on

---

³ It should be noted that MDOC's Step I grievance form does not require a prisoner to supply individual names and instead relies on the prisoner to "[s]tate the problem clearly." (Pl.'s Resp., Ex. 1.)

9

alleged procedural defects where Plaintiff's Step I and Step II grievances were addressed on the merits.

Defendants object that Plaintiff's untimely grievance and its apparent lack of specificity cannot be excused. (Defs.'s Objs. at 9-10.) As support, Defendants cite to two cases for the proposition that allowing such procedural defects would "negat[e] the need for timely grievances." (*Id.* at 9.) But Defendants' legal authorities both present very different situations; they analyze grievances that were denied without reaching their merits. See *Michowski v. Mathai*, No. 06-11876, 2007 WL 1500333, *3 (E.D. Mich. May 23, 2007) ("While Plaintiff's grievances were reviewed, at no point did any prison official address the merits of Plaintiff's grievances. On the contrary, the Grievance Coordinators denied all eight of Plaintiff's grievances as untimely at all three steps."); *Reeves v. Wolever*, No. 06-CV-497, 2006 WL 3103258, *1 (W.D. Mich. Oct. 31, 2006) ("His grievances were rejected as untimely, and the prison and the MDOC refused to process them."). Further, Defendants' warn the court that "[a]llowing the procedural requirements . . . to be ignored will lead to chaos as grievances can be filed months or years after the event." (Defs.'s Objs. at 11.) There is a simple solution – MDOC (or the authority tasked with reviewing prisoner grievances) can reject grievances that do not meet procedural requirements. But when MDOC instead reaches the merits of a grievance, this court agrees with the majority of other courts and finds that later procedural objections are waived.

The magistrate judge also found Plaintiff's Step III grievance was timely filed, though without resort to any procedural waiver. Instead, the magistrate judge noted that, per MDOC policy, Plaintiff's Step III was due within ten business days of receiving

10

his Step II response. (R&R at 25; Defs.'s Mot., Corr. Ex. A, ¶ FF.) Defendants concede Plaintiff did not receive his Step II response until January 14, 2008. (Defs.'s Mot at 6.) Thus, at the earliest, Plaintiff's Step III grievance was due by January 28, 2008. (R&R at 25.) Plaintiff has provided uncontested evidence that he sent his Step III grievance on January 28, 2008. (*Id.*, Pl.'s Resp., Ex. A.) Defendants' argument that "Plaintiff did not submit his Step III appeal until February 4, 2008" is thus untenable. (Defs.'s Mot. at 6.) Instead, it is clear from a timestamp on Defendants' own evidence that Plaintiff's Step III grievance was *received* on February 4, 2008. (Defs.'s Mot., Ex. B at 4.) The court agrees with the magistrate judge that the "MDOC grievance procedure provides that the Step III appeal must be *sent* within 10 business days" (R&R at 25), not that it must be received within that time. Therefore, Plaintiff's Step III grievance was improperly denied as untimely and the court finds there is no genuine issue of material fact for trial to contest that Plaintiff properly exhausted his administrative remedies.

### B. Eighth Amendment Claim; Rule 12(b)(6) Standard

Defendants also argue that Plaintiff does not state a claim under the Eighth Amendment, prohibiting cruel and unusual punishment.[4] Specifically, Defendants assert that Plaintiff "does not allege that he did not receive treatment at all, nor does he claim that the alleged delay in surgery caused him any complications." (Defs.'s Mot. at 7.) The magistrate judge, proceeding under Federal Rule of Civil Procedure 12(b)(6), provided a detailed analysis of the objective and subjective showings required for a plaintiff to ultimately succeed in a medical treatment as Eighth Amendment violation

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII.

11

cause of action. (R&R at 27-30.) The magistrate judge found, and the court agrees, that an "open wound" that is "infected" and "draining" for two years presents, at minimum, a claim for a "serious medical need," as required for the objective component of the Eighth Amendment inquiry.[5] (*Id.* at 28.) The subjective component, however, requiring Plaintiff to show Defendants were aware of his serious medical need and acted with deliberate indifference to it, *Wilson v. Seiter*, 501 U.S. 294, 300 (1991), is more nuanced.

The magistrate judge noted that, at this early stage of the litigation, Plaintiff's burden does not require him to prove his claim of an Eighth Amendment violation, but rather, he only needs "enough factual matter (taken as true) to suggest" his rights were violated. *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). The subjective component of an Eighth Amendment claim requires more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and it is clear that not "every malpractice claim involving a prisoner [is] automatically transformed into a cause of action under the civil right statutes." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Further, where "the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* at 860, n.5. When a defendant is a doctor,

---

[5] Defendants objects that "Plaintiff has no [sic] in way alleged a condition of that severity concerning his *elbow*" (Defs.'s Objs. at 17; emphasis added), which appears to be a typo. The court construes Defendants as objecting to the severity of Plaintiff's leg injury. Such a conclusory statement is unavailing, however. Plaintiff's factual allegations, at this early stage in the litigation, do support a finding that a failure to operate on Plaintiff's infected leg for over two years "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds) (internal quotation and citation omitted).

however, the fact-finder must "ask whether a reasonable doctor in his position could have concluded that a substantial risk of serious harm" to the prisoner existed. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 544 (6th Cir. 2008).  As the magistrate judge concluded, construing the allegations liberally in Plaintiff's favor, Plaintiff has met his burden.  He alleges an infected leg wound which continued to drain for over two years.  He alleges continuous requests for surgery that were denied.  Defendants' initial motion argued that Plaintiff received treatment.  But, as the magistrate judge succinctly analyzed, there are instances where the treatment provided is "so woefully inadequate as to amount to no treatment at all."  *Westlake*, 537 F.2d at 860-61.  Defendants' current objections are comprised of nothing more than legal authorities establishing the standard for deliberate indifference and a conclusory statement that "[c]learly, Plaintiff did not state an Eighth Amendment claim against Defendants."  (Defs.'s Objs. at 19.)  In light of the facts Plaintiff has provided, and the dearth of contradicting argument in Defendants' objections, the court finds Plaintiff has sufficiently pleaded "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974.

### C.  Defendants' Personal Involvement

Finally, Defendants argue that, because Plaintiff's complaint "makes no specific allegations whatsoever against either Defendant," (Defs.'s Mot. at 7), he cannot establish any personal liability for an Eighth Amendment violation.  After noting that the requisite level of personal involvement can be shown through circumstantial evidence, such as where the health risk is patently obvious, the magistrate judge concluded Plaintiff had pleaded facts sufficient to withstand Defendants' motion to dismiss.  The magistrate judge noted that Plaintiff alleged he had contacted healthcare personnel on

several occasions and his open wound was obvious to anyone who treated him, including the medical personnel who changed his dressings daily. (R&R at 30-31.) Defendants, beyond offering conclusory statements that "Plaintiff's Complaint is simply deficient," (Defs.'s Objs. at 19), offer no specific objection to the magistrate judge's recommendation. This type of conclusory objection does not provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The court agrees that, given the liberal reading afforded Plaintiff's allegations, he has provided sufficient facts to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' "Objections to Report and Recommendation" [Dkt. # 28] are OVERRULED.  The magistrate judge's "Report and Recommendation" [Dkt. # 23] is ADOPTED in full and incorporated by reference.

IT IS FURTHER ORDERED that Defendants' "Motion to Dismiss . . ." [Dkt. # 10] is DENIED.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2009, by electronic and/or ordinary mail.

     S/Lisa Wagner
     Case Manager and Deputy Clerk

(313) 234-5522