UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VITTORIO ABBRUZZINO, | Case No. 08-11534 |
| Plaintiff, | Robert H. Cleland |
| v. | United States District Judge |
| DR. HUTCHINSON, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____ / | |

**ORDER DENYING MOTION FOR**
**MORE DEFINITE STATEMENT (Dkt. 30)**

A.  Procedural History

Plaintiff, Vittorio Abbruzzino, is a prisoner in the custody of the State of Michigan. (Dkt. 1). Pursuant to 42 U.S.C. § 1983, plaintiff filed a complaint against defendants on April 9, 2008, alleging that they violated his constitutional rights. *Id.* District Judge Robert H. Cleland referred this matter to the undersigned for all pre-trial matters on April 23, 2008. (Dkt. 6).

Defendants filed a motion to dismiss on June 2, 2008, asserting that plaintiff failed to exhaust his administrative remedies and failed to state a claim. (Dkt. 10). The undersigned recommended that defendants' motion to dismiss be denied, which recommendation was adopted by Judge Cleland. (Dkt. 23, 36). In the report

1

and recommendation, the undersigned concluded that "[t]aking these allegations [in the complaint] as true and liberally construing them in plaintiff's favor, the undersigned suggests that plaintiff has satisfied the thresholds of Rules 12(b)(6) and 8(a) as to defendants." (Dkt. 23, p. 31). Judge Cleland agreed, concluding that, "[i]n light of the facts Plaintiff has provided, and the dearth of contradicting argument in Defendants' objections, the court finds Plaintiff has sufficiently pleaded enough facts to state a claim to relief that is plausible on its face." (Dkt. 36, p. 13) (internal quotation marks omitted).

  B. <u>Defendants' Motion for More Definite Statement</u>

  After the issuance of the report and recommendation, but before Judge Cleland issued his opinion and order adopting the report and recommendation, defendants filed a motion for more definite statement, asserting that plaintiff's complaint is "confusing and contradictory." (Dkt. 30, p. 2). According to defendants, they "need clarification to further their investigation and determine the appropriate time period for a dispositive motion and/or whether a statute of limitations issue exists." *Id.* Defendants further argue that a "motion for more definite statement is appropriate to clear up the unintelligibility concerning the dates at issue in the Complaint, so that Defendants can respond with a dispositive motion on the merits." *Id.* Plaintiff filed a response on March 2, 2009, reiterating

the factual basis of his complaint and asserting that defendants' counsel was playing a "cat and mouse" game with the Court. (Dkt. 34).

  C. <u>Legal Standards</u>

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12(e) provides that a "party may move for more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Federal courts generally disfavor motions for more definite statements. *Federal Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007). In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *Id*. A motion under Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Shirk v. Fifth Third Bancorp*, 2008 WL 4449024, *8 (S.D. Ohio 2008), quoting, *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001). If the complaint meets the notice

3

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the motion should be denied. *Shirk*, at *8.

    D.    <u>Analysis and Conclusions</u>

As set forth above, the Court has already determined that plaintiff's complaint satisfies Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Thus, defendants' motion for more definite statement is not well-taken and can be denied on this basis alone.

Moreover, the primary purpose of defendants' motion for more definite statement is to ascertain whether and to what extent plaintiff's claims are barred by the statute of limitations. However, a plaintiff is not required to plead that his claim is not barred by the statute of limitations, as that is an affirmative defense. Indeed, a defendant raising the statute of limitations as an affirmative defense has the burden of proving that the action is time-barred. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). To prevail on this affirmative defense, a defendant must prove both that: (1) the statute of limitations has run; and (2) that no genuine issue of material fact exists as to when plaintiff's cause of

action accrued. *Id*. If defendants meet this burden, the burden then shifts to plaintiff to establish an exception to the statute of limitations. *Id*. The nonmoving party may not rest on the mere allegations in the pleadings. *Id*. However, if defendants fail to meet their burden of proof, plaintiff has no obligation to proffer any additional evidence to rebut the statute of limitations defense. *Fonseca v. CONRAIL*, 246 F.3d 585, 590-91 (6th Cir. 2001).

In determining when the limitations period begins in a § 1983 case, courts must refer to federal law. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). And, the statute of limitations applicable to a prisoner-initiated § 1983 suit is tolled while the plaintiff exhausts available state remedies. *Waters v. Evans*, 105 Fed.Appx. 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). The statute of limitations is tolled because a prisoner cannot bring suit in federal court until the administrative remedies at the facility (the standard MDOC grievance procedure) are exhausted and it would be unfair to penalize them for not bringing their claims during the limitations period, while administrative proceedings were still ongoing. *See Brown*, 209 F.3d at 596. Thus, the statute of limitations begins to run once the plaintiff becomes aware of the injury, but is tolled while the prisoner seeks redress through administrative proceedings at the prison. More often than not, a statute of limitations issue cannot be decided on a

motion to dismiss or from the face of a plaintiff's complaint. *See Stiles v. Porter Paint Co.*, 75 F.R.D. 617 (E.D. Tenn. 1976) (In order to support dismissal for failure to comply with statute of limitations, bar of such statute must be clearly apparent from face of complaint, and motion to dismiss based upon statute of limitations will be denied if any issues of fact are involved.). Rather, given the factual issues often involved in such a determination, summary judgment is a more appropriate vehicle. The undersigned concludes that defendants cannot avoid their obligation to conduct discovery on the statute of limitations issue and then seek redress through a proper motion for summary judgment by using the highly disfavored motion for more definite statement.

For the foregoing reasons, defendants' motion for more definite statement is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

|  |  |
|---|---|
| Date: April 15, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

     I certify that on April 15, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, Kimberley A. Koester, and Carly A. Van Thomme, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Vittorio Abbruzzino # 226307, COOPER STREET CORRECTIONAL FACILITY, 3100 Cooper Street, Jackson, MI 49201.

                                                                s/James P. Peltier<br>
                                                                Courtroom Deputy Clerk<br>
                                                                U.S. District Court<br>
                                                               600 Church Street<br>
                                                               Flint, MI 48502<br>
                                                               (810) 341-7850<br>
                                                               pete_peltier@mied.uscourts.gov